# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**STEVE ALLEN EHRLICH and**
**JACQUELINE EHRLICH,**

        Plaintiffs,

**v.**                           **CIVIL ACTION NO. 3:13-CV-23 (Lead Case)**
                                 **(JUDGE GROH)**

**CROWN ENTERPRISES, INC.,**
**CENTRAL TRANSPORT**
**INTERNATIONAL, INC., CENTRAL**
**TRANSPORT NORTH AMERICA, INC.,**
**CENTRAL TRANSPORT LLC, CENTRAL**
**TRANSPORT MICHIGAN LLC and**
**GLS LEASCO, INC.,**

        Defendants,

and

**PETER GARCIA, JR.,**

        Plaintiff,

**v.**                           **CIVIL ACTION NO. 3:13-CV-42**
                                 **(JUDGE GROH)**

**RONALD J. COFFEE and**
**CENTRAL TRANSPORT, LLC and**
**CENTRAL TRANSPORT MICHIGAN, LLC,**

        Defendants,

and

**WILLIAM S. ALLEN,**

        Plaintiff,

**v.**                           **CIVIL ACTION NO. 3:13-CV-43**
                                 **(JUDGE GROH)**

**RONALD J. COFFEE and**
**CENTRAL TRANSPORT, LLC and**

**CENTRAL TRANSPORT MICHIGAN, LLC,**

                Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANT CENTRAL TRANSPORT MICHIGAN, LLC

Currently pending before the Court is Defendants' Motion for Summary Judgment filed on February 11, 2014, in this consolidated action as to Plaintiff Peter Garcia, Jr.'s claims [Doc. 123]. Pursuant to Local Rule of Civil Procedure 7.02(b)(1) memoranda in response to the motion for summary judgment "shall be filed and served within 21 days from the date of service of the motion." In addition, Local Rule of Civil Procedure 5.06(g) provides an additional three days to the prescribed period to respond because service was conducted by electronic means. Therefore, Plaintiff was required to file a response no later than March 7, 2014. As of this date, Plaintiff has not filed a response. Accordingly, this issue is ripe for the Court's review.

### I. UNDISPUTED FACTS

On March 21, 2011, Plaintiff was a passenger in an automobile on Route 340 at the intersection of 340 North and Shore Line Drive in Jefferson County, West Virginia. Pl.'s Second Am. Compl, ¶ 6; Defs.' Mot. Summ. J., ¶ 1-2. At the time of the collision, Plaintiff's car was stopped at the traffic light. Id. At the same time, Defendant Ronald J. Coffee was driving a tractor with an attached trailer. Pl.'s Second Am. Compl. ¶ 7; Defs.' Mot. Summ. J. ¶ 3. Defendant Coffee approached the traffic light from behind the car in which Plaintiff was a passenger, and he failed to stop at the light and collided with the vehicle in which Plaintiff was a passenger. Pl.'s Second Am. Compl. ¶ 7-8; Defs.'

Mot. Summ. J. ¶ 4.  As a result of the collision, Plaintiff was injured.  Pl.'s Second Am. Compl.     ¶ 13; Defs.' Mot. Summ. J. ¶ 4.

Defendant Coffee was an employee of Defendant Central Transport, LLC at the time of the collision.  Defs.' Ans., ¶ 3.  Defendant GLS LeasCo owned the truck and the trailer that was involved in the collision.  Dep. Briand, p. 8, lns. 4-6, 18-19.  However, Defendant Central Transport, LLC leased the truck from GLS LeasCo pursuant to a lease agreement dated December 21, 2009 and entered into by GLS LeasCo and Central Transport, LLC.

Central Transport, LLC was responsible for servicing and maintaining the subject truck.  Dep. Briand, pgs. 29, 31, 34, 35; Ex. 1; Dep. Chapman, pgs. 26, 29.  Additionally, Central Transport, LLC was responsible for negotiating the load that was hauled by its drivers, including Ronald Coffee, and negotiating labor contracts, if any.  Id.  Finally, Central Transport, LLC was responsible for their drivers, including their qualification and training, maintaining log books, determining their routes, and complying with safety regulations.  Dep. Briand, pgs. 33-35; Dep. Chapman, pgs. 29-31.

Central Transport Michigan, LLC is an entity that no longer exists, but it was a more regional carrier covering predominantly the Michigan area.  Dep. Briand, p. 12. Central Transport Michigan, LLC did not have any ownership or interest in the subject tractor and trailer on the date of the accident.  Id.

## II. PROCEDURAL HISTORY

On March 19, 2013, Plaintiff filed this action in the Circuit Court of Jefferson County, West Virginia.  On April 22, 2013, Defendants removed the case on grounds of

diversity of citizenship to this Court.

On May 10, 2013, this Court granted Defendants' motion to consolidate the three similar pending cases: Civil Action Number 3:13-CV-23, Civil Action Number 3:13-CV-42, and Civil Action Number 3:13-CV-43.  Then, on February 19, 2014, this Court *sua sponte* consolidated the civil actions, and the lead case was designated as Civil Action Number 3:13-CV-23.

### III.  SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment. See Fed. R. Civ. P. 56.  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  Anderson, 477 U.S. at 250.

The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  That is, once the movant has met its burden to show an absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed

4

a genuine issue for trial. Fed. R. Civ. P. 56(c); Celotex Corp., 477 U.S. at 323-25; Anderson, 477 U.S. at 248. Pursuant to Rule 56(c)(3), the court "need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249 (citations omitted).

### IV. ANALYSIS

In this case, Plaintiff did not file a response to Defendants' Motion for Summary Judgment. However, this Court is obligated to thoroughly analyze the motion and must determine "whether the moving party is entitled to summary judgment as a matter of law." Robinson v. Wix Filtration Corp., 599 F.3d 403, 409 n.8 (4th Cir. 2010) (internal citation omitted).

Defendants argue that they are entitled to summary judgment as to Central Transport Michigan, LLC because Plaintiff cannot sustain a claim against it for vicarious liability. Plaintiff alleges that "Central Transport and Central Transport Michigan were the owners of or otherwise responsible for the tractor trailer Coffee was driving . . . and were Coffee's employers." Pl.'s Second Am. Compl. ¶ 11. Therefore, Plaintiff alleges that Central Transport Michigan, LLC is liable for Plaintiff's injuries based on a vicarious liability/*respondeat superior* theory. Id. ¶ 12.

Because this Court is sitting in diversity, it will apply the substantive laws of West Virginia. See Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). Under West Virginia law, the doctrine of *respondeat superior* "imposes liability on an employer for the acts of its employees within the scope of employment, not because the employer is at fault, but merely as a matter of public policy." Dunn v. Rockwell, 689 S.E.2d 255, 274 (W. Va.

5

2009); see also Syl. Pt. 3, Musgrove v. Hickory Inn, Inc., 281 S.E.2d 499 (W. Va. 1981) (holding that if an agent or employee is "acting within the scope of his employment, then his principal or employer may also be held liable"). Therefore, if "it can be shown that an individual is an agent and if he is acting within the scope of his employment when he commits a tort, then the principal is liable for the tort as well as the agent." Barath v. Performance Trucking Co., Inc., 424 S.E.2d 602, 605 (W. Va. 1992).

In assessing whether an agency relationship exists, the Supreme Court of Appeals of West Virginia has held that

> [t]here are four general factors which bear upon whether a master-servant relationship exists for purposes of the doctrine of *respondeat superior*: (1) Selection and engagement of the servant; (2) Payment of compensation; (3) Power of dismissal, and (4) Power of control. The first three factors are not essential to the existence of the relationship; the fourth, the power of control is determinative.

Timberline Four Seasons Resort Mgmt. Co., Inc. v. Herlan, 679 S.E.2d 329, 334 (W. Va. 2009) (citing Syl. Pt. 5, Paxton v. Crabtree, 400 S.E.2d 245 (W. Va. 1990)). An essential element of the agency relationship is "the existence of some degree of control by the principal over the conduct and activities of the agent." Syl. Pt. 3, Teter v. Old Colony, 441 S.E.2d 728 (W. Va. 1994).

In this case, the key issue is whether Defendant Coffee is an agent or employee of Defendant Central Transport Michigan, LLC. First, the Court must evaluate whether Central Transport Michigan, LLC selected or engaged Defendant Coffee. It is undisputed that Central Transport Michigan, LLC did not select or engage Defendant Coffee. Hal Briand, President of GLS LeasCo, testified that at the time of the collision, Defendant Coffee was an employee of Central Transport. Ex. A, Dep. p. 7, ln. 13. Mr.

6

Briand also testified that Central Transport Michigan no longer exists as an entity because it was merged into Central Transport, LLC. Id. at p. 12, lns. 14-18. Bill Chapman, Central Transport, LLC's Director of Safety, also testified that Defendant Coffee was an employee of Central Transport, LLC at the time of the collision. Ex. B, Dep. p. 23, lns. 14-21.

Second, the Court must determine whether Central Transport Michigan, LLC paid or compensated Defendant Coffee. It is undisputed that Central Transport, LLC compensated Defendant Coffee. Mr. Chapman testified that Defendant Coffee was paid by the trip on a flat rate basis. Id. at p. 23, lns. 7-11.

Third, the Court must evaluate whether Central Transport Michigan, LLC had the power to fire Defendant Coffee. It is also undisputed that Central Transport, LLC had the power to fire Defendant Coffee. Mr. Chapman testified that Central Transport, LLC had the power to fire and discipline Defendant Coffee. Id. at p. 25, lns. 8-12.

Finally, the most important factor the court must analyze is whether Central Transport Michigan, LLC had any control over Defendant Coffee. It is undisputed that Central Transport, LLC–not Central Transport Michigan, LLC--had the power to control Defendant Coffee. Indeed, at Mr. Chapman's deposition, he was asked "What companies have the authority to control [Coffee's] activities?" Id. at p. 25, lns. 4-5. Mr. Chapman answered that Central Transport, LLC had control over his activities. Id. at p. 25, lns. 6-7. Indeed, Central Transport, LLC had sole management responsibility over Defendant Coffee, including qualifying him, hiring him, training him, determining his routes, and monitoring his log books. Id. at p. 29, lns. 20-24; p. 30, lns. 13-20; p. 31, lns. 1-3

7

Therefore, in analyzing the undisputed facts, the four factors weigh heavily in favor of finding no agency relationship between Defendant Coffee and Central Transport Michigan, LLC. The Court **FINDS** that Defendant Coffee is not an agent or employee of Central Transport Michigan, LLC and therefore **GRANTS** Defendants' Motion for Summary Judgment.

## V. CONCLUSION

Accordingly, the Court **GRANTS** Defendants' Motion for Summary Judgment as to Central Transport, Michigan, LLC. Because Plaintiff alleged Central Transport Michigan, LLC is liable solely on a *respondeat superior* theory, the Court **FINDS** no claims remain against Central Transport Michigan, LLC. Therefore, the Court **ORDERS** the Clerk to **TERMINATE** Defendant Central Transport Michigan, LLC from this action.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and/or *pro se* parties.

**DATED:** March 24, 2014

*[Signature]*
GINA M. GROH
UNITED STATES DISTRICT JUDGE