# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**STEVE ALLEN EHRLICH and**
**JACQUELINE EHRLICH,**

        Plaintiffs,

**v.**　　　　　　　　　　　　　　　　**CIVIL ACTION NO. 3:13-CV-23 (Lead Case)**
　　　　　　　　　　　　　　　　　　**(JUDGE GROH)**

**CENTRAL TRANSPORT, LLC,**

        Defendant,

and

**PETER GARCIA, JR.,**

        Plaintiff,

**v.**　　　　　　　　　　　　　　　　**CIVIL ACTION NO. 3:13-CV-42**
　　　　　　　　　　　　　　　　　　**(JUDGE GROH)**

**RONALD J. COFFEE and**
**CENTRAL TRANSPORT, LLC,**

        Defendants,

and

**WILLIAM S. ALLEN,**

        Plaintiff,

**v.**　　　　　　　　　　　　　　　　**CIVIL ACTION NO. 3:13-CV-43**
　　　　　　　　　　　　　　　　　　**(JUDGE GROH)**

**RONALD J. COFFEE and**
**CENTRAL TRANSPORT, LLC,**

        Defendants.

# ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTIONS IN LIMINE

On February 18, 2014, Plaintiffs Steve Allen Ehrlich and Jacqueline Ehrlich filed five motions in limine [Doc. 139]. On February 25, 2014, Defendant Central Transport, LLC filed a response to Plaintiffs' third motion in limine. Accordingly, this issue is ripe for the Court's review.

**1. Plaintiffs' Unopposed Motion in Limine to Preclude Any Evidence of Collateral Sources**

Plaintiffs contend that the collateral source rule precludes Defendant from introducing any evidence or arguing that Mr. Ehrlich received payment from collateral sources that would offset the payment of any damages for past lost wages. Specifically, Plaintiffs request that this Court prohibit all mention of the following collateral sources at trial: health insurance payments, workers' compensation payments, and sick leave. Defendant does not oppose this motion.

Because this Court has jurisdiction pursuant to diversity and the collateral source rule is a rule of substantive law, the Court must look to West Virginia law to determine how to apply the rule to the present facts. See Sims v. Great Am. Life Ins. Co., 469 F.3d 870, 880 (10th Cir. 2006); Fountainhead Title Group Corp. v. Courthouse Search of N. Va., 122 F. App'x 10, *13 (Jan. 27, 2005) (affirming Maryland district court's application of the Maryland collateral source rule); Calef v. Fedex Ground Package Sys., Inc., Civil Action No. 1:06-CV-47, 2007 WL 2570185, *1 (Aug. 31 2007).

The West Virginia Supreme Court of Appeals has clearly stated that "the amount of money that an injured plaintiff receives from a collateral source is not admissible."

Pack v. Van Meter, 354 S.E.2d 581, 584 (W. Va. 1986).  The collateral source rule applies to workers' compensation benefits.  Syl. Pt. 3, Jones v. Laird Found., Inc., 195 S.E.2d 821 (W. Va. 1973).  The collateral source rule prohibits the admissibility of a party's "sick leave policy or similar plan while away from work."  Ellard v. Harvey, 231 S.E.2d 339, 343 (W. Va 1976).  Finally, the collateral source rule precludes the admissibility of payments received in accordance with a party's health insurance plans. See Jones, 195 S.E.2d at 824 (stating that the collateral source rule applies to payments received in connection with health or accident insurance).

In this case, Plaintiffs seek to exclude evidence of the following collateral sources: workers' compensation benefits, health insurance payments, and sick leave. The Court finds that the West Virginia Supreme Court of Appeals has held that the three aforementioned collateral sources are inadmissible at trial.   Accordingly, the Court **GRANTS** Plaintiffs' first motion in limine.

    **2.**    **Plaintiffs' Unopposed Motion in Limine to Preclude Defendant from Asking Jury to Deduct Alleged Tax Obligations From Award of Future Lost Wages**

Plaintiffs state that Mr. Ehrlich seeks compensation for future lost overtime hours that he will not be able to work due to his injuries as a result of the collision at issue in this case.  Plaintiffs argue that under West Virginia law, the jury may not deduct from any award taxes or other items that it believes would have been withheld from Mr. Ehrlich's paychecks.  Defendant does not oppose this motion.

> Under the substantive law of West Virginia,
>
> in calculating a plaintiff's damages for accrued loss of earnings or for impairment of future earning capacity because of personal injuries, the

3

> award of damages should be based upon the plaintiff's gross earnings or earning capacity and should not be reduced because of any income tax or other paycheck-type deduction.

Hicks ex rel. Saus v. Jones, 617 S.E.2d 457, 465 (W. Va. 2005).  Further, this method for calculating loss of earnings or for impairment of future earning capacity should be used by the "the parties for purposes of settlement, and . . . the finder of fact during a trial." Id., Syl. Pt. 4.

Therefore, applying West Virginia substantive law, the Court finds it is proper to exclude all references to tax or other paycheck-type deductions with respect to any award for future damages.  Accordingly, the Court **GRANTS** Plaintiffs' second motion in limine.

### 3. Plaintiffs' Motion in Limine to Preclude Defendant from Arguing that Plaintiff Steve Ehrlich Has a Mandatory Retirement Age

Plaintiffs move this Court to preclude Defendant from arguing that Mr. Ehrlich has a mandatory retirement age.  Plaintiffs argue that Mr. Ehrlich began working as a Customs and Border Protection Officer ("CBPO") in 2003 in New Mexico, and he later relocated to the Washington D.C. area, but continued in his role as a CBPO.  Plaintiffs acknowledge that 5 C.F.R. § 831.1608 is a mandatory separation provision for CBPOs. However, they contend that Mr. Ehrlich is specifically exempt from the provisions because they "do not apply to an individual first appointed as a customs and border protection officer before July 6, 2008." 5 C.F.R. § 831.1608(c).

Defendant argues that even if Mr. Ehrlich is not subject to the mandatory separation provision, it should be permitted to offer evidence of the mandatory separation provision for other purposes, such as establishing "the professional culture to

4

retire at a certain age or that the duties and responsibilities of the job allowed for an incentive to retire at a[] certain age."

Federal Rule of Evidence 401 provides that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." However, relevant evidence is subject to Federal Rule of Evidence 403's balancing test. Rule 403 provides that the court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury."

In this case, Plaintiffs request that this Court prohibit Defendant from arguing that Mr. Ehrlich has a mandatory retirement age. In reviewing 5 C.F.R. § 831.1608, Mr. Ehrlich is exempt from the mandatory separation provisions. Therefore, Defendant is prohibited from arguing that Mr. Ehrlich has a mandatory retirement age. However, evidence of the existence of a mandatory retirement age, although not directly applicable to Mr. Ehrlich, has some relevance because it tends to show the customary retirement age of CBPOs. The evidence has probative value as it would assist the jury in analyzing Mr. Ehrlich's loss of future earning capacity. Also, the probative value of the mandatory retirement age is not substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury. Accordingly, Plaintiffs' third motion in limine is **GRANTED IN PART** because Defendant is prohibited from arguing Mr. Ehrlich is subject to the mandatory separation provisions. However, Plaintiffs' third motion in limine is **DENIED IN PART** because Defendant is permitted to provide evidence of the existence of a mandatory separation provision for CBPOs. However, at

5

the request of a party at the pretrial conference, the Court may issue a limiting instruction regarding the purpose of the evidence.

### 4. Plaintiffs' Unopposed Motion for Judicial Notice of Standard Mortality Table

Plaintiffs move this Court to take judicial notice of the standard mortality table, such as that found on the Social Security Administration's Website available at http://www.ssa.gov/OACT/STATS/table4c6.html.  Defendant did not file a response to this motion.

Pursuant to Federal Rule of Evidence 201, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  The court "must take judicial notice if a party requests it and the court is supplied with the necessary information."  Fed. R. Evid. 201(c)(2).

In this case, Plaintiffs request that this Court take judicial notice of the Social Security Administration's standard mortality table.  The court will take judicial notice of a standard life expectancy table, taken from an official governmental agency, because its accuracy can be readily determined from sources that cannot reasonably be questioned.  Accordingly, the Court **GRANTS** Plaintiffs' Motion for Judicial Notice of the Standard Mortality Table provided by the Social Security Administration.

### 5. Plaintiffs' Unopposed Motion Concerning Pre-Judgment Interest

Plaintiffs move that this Court, not the jury, calculate pre-judgment interest for special damages such as medical bills and other out-of-pocket losses as described in

West Virginia Code § 56-6-31. Defendant has not filed a response.

West Virginia law provides for an award of prejudgment interest for "special or liquidated damages" from the date of their accrual. See W. Va. Code § 56-6-31(a). Special damages include "lost wages and income, medical expenses, damages to tangible personal property and similar out-of-pocket expenditures." Id. Additionally, the West Virginia Supreme Court of Appeals has held that "prejudgment interest on special or liquidated damages is recoverable as a matter of law and must be calculated and added to those damages by the trial court rather than by the jury." Syl. Pt. 1, Grove By and Through Grove v. Myers, 382 S.E.2d 536 (W. Va. 1989); see also Charleston Area Med. Ctr., Inc. v. Parke-Davis, No. Civ. A. 5:00CV132, 2001 WL 34852737, *6-7 (N.D.W. Va. Dec. 13, 2001) (court applying prejudgment interest rather than the jury).

Therefore, this Court–not the jury–must calculate an award of prejudgment interest for the award of any special damages. Accordingly, the Court **GRANTS** Plaintiffs' fifth motion.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and all *pro se* parties by certified mail, return receipt requested.

**DATED:** April 10, 2014

GINA M. GROH
UNITED STATES DISTRICT JUDGE