**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**STEVE ALLEN EHRLICH and
JACQUELINE EHRLICH,**

        Plaintiffs,

**v.**　　　　　　　　　　　　　　　**CIVIL ACTION NO. 3:13-CV-23 (Lead Case)
(JUDGE GROH)**

**CENTRAL TRANSPORT, LLC,**

        Defendant,

and

**PETER GARCIA, JR.,**

        Plaintiff,

**v.**　　　　　　　　　　　　　　　**CIVIL ACTION NO. 3:13-CV-42
(JUDGE GROH)**

**RONALD J. COFFEE and
CENTRAL TRANSPORT, LLC,**

        Defendants,

and

**WILLIAM S. ALLEN,**

        Plaintiff,

**v.**　　　　　　　　　　　　　　　**CIVIL ACTION NO. 3:13-CV-43
(JUDGE GROH)**

**RONALD J. COFFEE and
CENTRAL TRANSPORT, LLC,**

        Defendants.

# ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS IN LIMINE

On February 18, 2014, Defendants filed their motions in limine [Doc. 146]. On February 25, 2014, Plaintiffs Steve and Jacqueline Ehrlich filed their response. Also on February 25, 2014, Plaintiff Peter Garcia, Jr. and Plaintiff William S. Allen filed their responses. Defendants did not file a reply. Therefore, the motions in limine are ripe for this Court's review.

### 1. Defendants' Motion in Limine to Exclude Per Diam Arguments[1]

Defendants seek to exclude any argument which "seeks to address a plaintiff's asserted pain and suffering damages in units of time or to assign a monetary value to such damages." Defs.' Mot., p. 2. However, Plaintiffs object to Defendants' motion. Specifically, Plaintiffs Steve and Jacqueline Ehrlich contend that the Court has discretion to permit Plaintiffs to suggest a monetary figure for Plaintiffs' pain and suffering claim, and the Court, to limit any prejudicial effect, could instruct the jury that the monetary figure is not evidence but merely represents Plaintiffs' arguments.

The Fourth Circuit Court of Appeals provided that district courts have "discretion to impose reasonable limitations on counsel's arguments regarding damages for pain and suffering because they are difficult to evaluate in monetary terms." Murphy v. Nat'l R.R. Passenger Corp., 547 F.2d 816, 818 (4th Cir. 1977). If the district court concludes, in its discretion, "that the summation would not have an unduly prejudicial effect, it may permit counsel to suggest a monetary figure for the award or to illustrate damages for a

---

[1] The Court notes that Defendants have combined several motions into their first motion in limine. However, to avoid confusion, this Court will address each sub-part of the first motion in limine as a separately numbered motion.

unit of time multiplied by the expected duration of suffering." Id.

In this case, the "per diem" argument is inadmissible. First, the argument is not relevant. Federal Rule of Evidence 401 provides that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Determining damages for pain and suffering is "peculiarly a jury question" and there is "no known method of arriving at any money value." Crum v. Ward, 122 S.E.2d 18, 25 (W. Va. 1961). Second, even assuming the per diem argument has some relevance pursuant to Federal Rule of Evidence 401, it should nonetheless be excluded under Federal Rule of Evidence 403 because its "probative value is substantially outweighed by a danger of . . . unfair prejudice." Indeed, the West Virginia Supreme Court of Appeals has held that per diem arguments constitute prejudicial error. See Crum, 122 S.E.2d at 25. Accordingly, Defendant's first motion in limine to exclude per diem arguments is **GRANTED**.

    **2.    Defendants' Motion in Limine to Exclude "Golden Rule" Arguments**

Defendants move this court to prohibit Plaintiffs from referencing or using the golden rule argument that asks jurors to place themselves into the Plaintiffs' position in determining the amount of damages that they would find sufficient. Defendants essentially argue that such an argument would be unduly prejudicial. Plaintiffs do not object to this motion.

Courts have prohibited the "golden rule" argument that asks jurors to determine damages as if they themselves had been the victims. See Arnold v. E. Air Lines, Inc.,

unit of time multiplied by the expected duration of suffering." Id.

In this case, the "per diem" argument is inadmissible. First, the argument is not relevant. Federal Rule of Evidence 401 provides that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Determining damages for pain and suffering is "peculiarly a jury question" and there is "no known method of arriving at any money value." Crum v. Ward, 122 S.E.2d 18, 25 (W. Va. 1961). Second, even assuming the per diem argument has some relevance pursuant to Federal Rule of Evidence 401, it should nonetheless be excluded under Federal Rule of Evidence 403 because its "probative value is substantially outweighed by a danger of . . . unfair prejudice." Indeed, the West Virginia Supreme Court of Appeals has held that per diem arguments constitute prejudicial error. See Crum, 122 S.E.2d at 25. Accordingly, Defendant's first motion in limine to exclude per diem arguments is **GRANTED**.

    **2.    Defendants' Motion in Limine to Exclude "Golden Rule" Arguments**

Defendants move this court to prohibit Plaintiffs from referencing or using the golden rule argument that asks jurors to place themselves into the Plaintiffs' position in determining the amount of damages that they would find sufficient. Defendants essentially argue that such an argument would be unduly prejudicial. Plaintiffs do not object to this motion.

Courts have prohibited the "golden rule" argument that asks jurors to determine damages as if they themselves had been the victims. See Arnold v. E. Air Lines, Inc.,

681 F.2d 186, 196-200 (4th Cir. 1982) (stating "[t]he Golden Rule appeal in opening statement and the blatant, direct appeal for sympathy in closing argument were plainly improper . . . ." and such argument has "no legal relevance"); Leathers v. Gen. Motors Corp., 546 F.2d 1083, 1086 (4th Cir. 1976) (condemning the golden rule argument used by plaintiffs' counsel); White, 2003 WL 23353600 *13-14 (granting defendant's motion in limine to the extent that the plaintiffs must "avoid 'golden rule' arguments asking the jury to put itself in place of the plaintiffs"); State of W. Va. v. Clements, 334 S.E.2d 600, 606 (W. Va. 1985) (stating that a golden rule type of argument is impermissible if it asks the jury to "put yourself in the place of . . . .") (citing Keathley v. Chesapeake & Ohio Ry. Co., 102 S.E. 244, 249 (W. Va. 1920) (holding golden rule argument improper)).

Accordingly, Defendants' second motion in limine to exclude "Golden Rule" arguments is **GRANTED**.

### 3. Defendants' Motion in Limine to Exclude Argument Referring to Plaintiffs' *Ad Damnum* Clause or Jurisdictional Amount in Controversy Requirement

Defendants argue that Plaintiffs should be prohibited from referring to Plaintiffs' ad damnum clause or the jurisdictional amount in controversy requirement because "[s]uch references merely invite a jury to improperly base a damage award upon matters which are not in evidence or which are inadmissible in evidence." Defs.' Mot., p. 6. Plaintiffs Steve and Jacqueline Ehrlich do not object to this motion. Plaintiffs Garcia and Allen state that their complaints do not contain monetary amounts, so this motion is moot.

In this case, the introduction of the *ad damnum* clause or jurisdictional amount in

controversy is inadmissible.  First, the argument is not relevant.  Federal Rule of Evidence 401 provides that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action."  Evidence of the *ad damnum* clause or jurisdictional amount in controversy requirement is not relevant to the jury's determination of damages for pain and suffering.  Even assuming the *ad damnum* clause or jurisdictional amount has some relevance pursuant to Federal Rule of Evidence 401, it should nonetheless be excluded under Federal Rule of Evidence 403 because its "probative value is substantially outweighed by a danger of . . . unfair prejudice."  Indeed, the West Virginia Supreme Court of Appeals has held that "the better practice would be to withhold any monetary figure from the jury's consideration which might be suggestive of amounts of damage not proven in evidence."  Jordan v. Bero, 210 S.E.2d 618, 629 (W. Va. 1974) (stating it did not approve of the exposition of *ad damnum* clauses to the jury).  Accordingly, Defendants' third motion in limine to exclude reference to the *ad damnum* clause or jurisdictional amount in controversy requirement is **GRANTED**.

### 4. Defendants' Motion to Exclude Arguments Relating to Matters Not in Evidence

Defendants request that the Court exclude any arguments relating to pain and suffering damages that are not supported by the evidence in the record.  Plaintiffs do not object to this proposition that arguments must be supported by evidence in the record.

The Fourth Circuit Court of Appeals has stated that for an argument to be proper,

5

it must based on "record evidence or any reasonable inference that could be drawn from it." United States v. Wilson, 135 F.3d 291, 298 (4th Cir. 1998). Indeed, "argument is limited to the facts in evidence." Id. (quoting United States ex rel. Shaw v. DeRobertis, 755 F.3d 1279, 1281 (7th Cir. 1985)). Therefore, Defendants' fourth motion in limine is **GRANTED** in that counsels' arguments must be based on matters in evidence or reasonable inferences that could be drawn from the evidence. However, Defendants' motion is not construed to prevent pain and suffering evidence that is relevant and otherwise admissible.

> **5.** **Defendants' Motion to Preclude Plaintiffs from Arguing in Rebuttal Beyond the Scope of the Issues Raised in Defendants' Closing Arguments, Specifically any Statements to Suggest to the Jury a Figure or Verdict Range Regarding the Value of Plaintiffs' Alleged Claims**

Defendants move to preclude Plaintiffs from introducing any new issues in their rebuttal because Defendants would not have the ability to refute them, specifically in regards to any statements suggesting a figure or verdict range regarding the value of Plaintiffs' alleged claims and injuries. Plaintiffs oppose the motion in as much as it would prohibit them from repeating the arguments they made in their initial closing argument.

Although Defendants cite no rule or case law to support their position, the Court finds that Plaintiffs are precluded from introducing *new* arguments in their rebuttal to Defendants' closing arguments. Accordingly, Defendants' fifth motion in limine to preclude introduction of new arguments in Plaintiffs' rebuttal closing argument is **GRANTED**. However, Plaintiffs are permitted to revisit and mention arguments in their

rebuttal that were addressed in their initial closing argument. See McGuire v. Tarmac Envtl. Co., Inc., 293 F.3d 437, 442 (8th Cir. 2002) (upholding district court's ruling overruling an objection to a rebuttal closing argument where the subject matter of punitive damages was briefly addressed in the plaintiff's initial closing and specific amounts mentioned on rebuttal were also addressed in the initial argument).

6. **Defendants' Motion to Preclude Plaintiffs from Introducing Evidence or Suggesting that Defendants are Insured Against Liability**

Defendants move this Court to preclude Plaintiffs, their counsel, or their witnesses from introducing evidence or making any mention that Defendants are insured against liability. Plaintiffs do not object to Defendants' motion.

Federal Rule of Evidence 411 provides that evidence of liability insurance is "not admissible to prove whether the person acted negligently or otherwise wrongfully." However, evidence of liability insurance is admissible for other purposes such as "proving a witness's bias or prejudice or proving agency, ownership, or control." Fed. R. Evid. 411. Plaintiffs have not presented any arguments that they intend to introduce evidence of liability insurance for an admissible purpose. Accordingly, Defendants' sixth motion in limine is **GRANTED**.

7. **Defendants' Motion to Preclude Plaintiffs from Introducing Evidence or Referencing Any Offers of Compromise or Settlement or Conduct or Statements Made During Compromise Negotiations**

Defendants move to preclude Plaintiffs, their counsel, and their witnesses from introducing evidence or making any mention regarding offers of compromise or settlement or any conduct or statements made during the compromise negotiations. Plaintiffs do not object to this motion.

Federal Rule of Evidence 408 provides that evidence regarding compromise offers and negotiations as well as conduct or statements made during compromise negotiations about the claim are inadmissible to "prove or disprove the validity of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." However, the Court may admit such evidence for another purpose such as "proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." Fed. R. Evid. 408(b). Plaintiffs have not demonstrated that they intend to introduce this evidence for an admissible purpose. Accordingly, Defendants' seventh motion in limine is **GRANTED**.

### 8. Defendants' Motion to Preclude Plaintiffs from Introducing Evidence or Otherwise Discussing the Timing of Defendants' Admission of Negligence

Defendants argue that Plaintiffs, their counsel, and their witnesses should be precluded from introducing evidence or otherwise discussing, arguing, or making reference to the timing of Defendants' admission of negligence pursuant to Federal Rule of Evidence 403. Plaintiffs Garcia and Allen do not object to Defendants merely seeking to preclude the mention of the timing of their admission of liability. Plaintiffs Steve and Jacqueline Ehrlich object to Defendants' motion because they argue there is no prejudice in revealing to the jury that Defendants stipulated to liability at some point prior to the trial date.

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Defendants' admission to liability is clearly relevant in

this case. Although the timing may not be as relevant, it is still relevant that Defendants admitted to liability prior to trial because this fact has resulted in the trial being conducted mainly to determine the amount of Plaintiffs' damages. However, even relevant evidence may be excluded if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Although Defendants argue that the evidence is irrelevant, unfairly prejudicial, would engender unwanted sympathy, and confuse the issues before the jury, Defendants cite no case law and provide no examples of how the probative value of the evidence would be substantially outweighed by the considerations in Rule 403. Therefore, the Court does not find that the relevant evidence is substantially outweighed by the danger of unfair prejudice, confusing the issues, or misleading the jury. Accordingly, Defendants' eighth motion in limine is **DENIED**.

**9. Defendants' Motion to Preclude Plaintiffs from Eliciting Certain Testimony from Defendants' Medical Experts**

Defendants argue that Plaintiffs should be precluded from eliciting testimony from the Defendants' medical expert as to the following categories of information:

a. the number of times Defendants' medical experts examined Plaintiffs;

b. the Defendants' medical experts' intent to treat or examine Plaintiffs in the future;

c. the Defendants' medical experts prescription of or intent to prescribe in the future any medications;

d. the Defendants' medical experts diagnostic tests or studies on Plaintiffs or

> their intent to conduct such tests or studies on Plaintiffs; and
>
> e. the introduction of any improper attack on the Defendants' medical experts' reputation or character, unless first proffered in accordance with Federal Rule of Evidence 405.

Defendants argue that the limited scope of cross examination is proper because Defendants' medical experts conducted their examinations of Plaintiffs in accordance with Federal Rule of Civil Procedure 35 and any cross examination on the issues identified above are "irrelevant, are designed to inflame the jury, and are outside the scope of the examination contemplated by Rule 35." Defs.' Mot. p. 11. Defendants have not cited any case law in support of their argument. On the other hand, Plaintiffs argue that the aforementioned topics are proper subjects for cross examination to determine the facts Defendants' medical experts used in formulating their opinions, to explore bias, and to determine the sufficiency of Defendants' medical experts' examinations and opinions.

Upon reviewing Defendants' motion, the Court finds that the aforementioned subject areas are proper subjects for cross examination. First, Federal Rule of Evidence 607 permits any party to attack a witness's credibility. Second, pursuant to Federal Rule of Evidence 611, the scope of cross examination "should not go beyond the subject matter of the direct examination and matters affecting the witnesses's credibility." Therefore, Plaintiffs are permitted to cross examine Defendants' medical experts to any matters that Defendants discuss in direct examination, including the basis of the experts' reports and opinions, and matters affecting Defendants' medical experts' credibility. Plaintiffs may also cross examine Defendants' medical experts

regarding any questions of bias or prejudice. See Powell v. United States, 149 F.R.D. 122, 124 (E.D. Va. 1993) (permitting plaintiff to cross examine the defendant's medical expert that conducted the Rule 35 examination "on any questions of bias or prejudice"). The Court will not prematurely limit Plaintiffs' scope of cross examination without having the benefit of hearing Defendants' direct examination of their medical experts.

Accordingly, Defendants' ninth motion in limine is **DENIED**.

### 10. Defendants' Motion to Preclude Plaintiffs from Offering Evidence or Testimony as to Future Medical Expenses or Treatment

Defendants move this Court to preclude Plaintiffs from offering evidence or testimony as to future medical expenses or treatment. Defendants argue that under West Virginia law, "[t]he permanency or future effect of any injury must be proved with reasonable certainty in order to permit an injured party to recover future damages." Defs.' Mot., p. 12. Defendants argue that Plaintiffs have failed to identify or disclose any expert physician or other health care provider who can testify as to the necessity and cost of any future medical treatment.

Plaintiffs object to Defendants' motion for a few reasons, including that it is not appropriate to use a motion in limine as a device to ask the Court to weigh and reject evidence that may be adduced at trial. Rather, the Court should wait until trial to determine whether sufficient evidence was presented on the issue of future medical expenses or treatment.

In this case, evidence regarding Plaintiffs' future medical expenses or treatment is relevant as it directly relates to the alleged injuries Plaintiffs suffered as a result of the collision. West Virginia law provides that "[t]he permanency or future effect of any injury

11

must be proven with reasonable certainty in order to permit a jury to award an injured party future damages." Syl. Pt. 9, Jordan v. Bero, 210 S.E.2d 618 (1974). Defendants seek to preclude any evidence or testimony regarding future medical expenses or treatment because they contend it cannot be proved with reasonable certainty. However, Defendants' motion is premature. Plaintiffs have not had the opportunity to present their witnesses or evidence at trial. Additionally, "where the permanent injury is proven, reasonable inferences based upon sufficient evidence are all that is necessary to carry the question to the jury for its consideration." Liston v. Univ. of W. Va. Bd. of Trs., 438 S.E.2d 590, 593 (W. Va. 1993) (internal quotation marks and citation omitted). Therefore, this Court will not preclude evidence simply because Defendants assert that Plaintiffs will not be able to prove the damages with reasonable certainty at trial. Indeed, Plaintiffs may present evidence at trial regarding future medical expenses or treatment in an attempt to prove the permanency or future effect of Plaintiffs' injuries. Accordingly, Defendant's tenth motion in limine is **DENIED**.

> **11. Defendants' Motion to Preclude Plaintiffs from Introducing Evidence or Referencing Defendants' Monetary Assets or Net Worth**

Defendants move to preclude Plaintiffs from making any mention of Defendants' monetary assets and/or net worth in the presence of the jury or from attempting to introduce into evidence any matters pertaining to the monetary assets and/or net worth of the Defendants during trial because Plaintiffs are not seeking punitive or exemplary damages.

Plaintiffs Garcia and Allen do not object to the limited motion in limine to preclude evidence of or references to Defendants' monetary assets or net worth. Plaintiffs Steve

and Jacqueline Ehrlich object to the motion in limine because they argue Defendants' revenue is relevant as a jury may be hesitant to award damages if it was a small mom-and-pop business in comparison to a national corporation.

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. However, even relevant evidence may be excluded if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

In this case, evidence of Defendants' monetary assets or net worth is not relevant. This is a negligence case, and Plaintiffs are not seeking punitive damages. Indeed, even assuming evidence of Defendants' monetary assets or net worth may have some probative value, it should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice. Accordingly, Defendants' eleventh motion in limine is **GRANTED**. However, Plaintiffs are not precluded from introducing evidence of the size of Defendants' operation, how many trucks Defendants have on the road, and other similar matters.

### 12. Defendants' Motion to Preclude Reference to the Police Report and its Findings

Defendants argue that the police report and its findings should be excluded because the police report is hearsay and the findings are irrelevant. Defendants provide no additional explanation and do not cite case law or Federal Rules of Evidence to support their motion. Plaintiffs Allen and Garcia object because the police report is

13

relevant to the litigation and is excluded from the prohibition of hearsay because it is a public record.

In this case, neither party has attached the police report that is the subject of this motion. Therefore, the Court is unable to weigh the relevance of the police report or determine the applicability of the hearsay rules without examining its contents. Accordingly, Defendant's twelfth motion in limine is **DENIED** without prejudice.

### 13. Defendants' Motion to Preclude Reference to Central Transport Michigan, LLC

Defendants have moved to preclude reference to Central Transport Michigan, LLC. Defendants argue that references to Central Transport Michigan, LLC would be irrelevant because it did not employ or have any control over Mr. Coffee or his vehicle. Additionally, Defendants argue that, even if the Court believes it has some relevance, the evidence should be excluded pursuant to Rule 403 because its minimal probative value would be substantially outweighed by the danger of unfair prejudice. Plaintiffs Allen and Garcia request that this Court defer ruling on this motion because it is the subject matter of a motion for summary judgment. Plaintiffs Steve and Jacqueline Ehrlich do not oppose the motion.

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. However, relevant evidence may be excluded if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

In this case, the Court granted Defendants' motion for summary judgment as to Defendant Central Transport Michigan, LLC on March 24, 2014. Therefore, Central Transport Michigan, LLC is no longer a party to this action. Additionally, Central Transport Michigan, LLC had no involvement in the underlying collision or control over Defendant Coffee or the vehicle he was driving. Therefore, evidence or references regarding Central Transport Michigan, LLC are not relevant because such evidence or references would not have a tendency to make a fact more or less probable than it would be without the evidence. Accordingly, Defendants' thirteenth motion is **GRANTED**.

### 14. Defendants' Motion to Preclude Introduction of Post-Accident Photographs Depicting Damage to the Involved Vehicles

Defendants' final motion seeks to preclude the introduction of post-accident photographs depicting damage to the involved vehicles. Defendants do not attach the photographs that are the subject of this motion. However, Defendants argue that the photographs depicting the damage to both vehicles are not relevant, have no probative value, and are prejudicial. Plaintiffs Allen and Garcia argue that the photographs are relevant because they demonstrate that the accident was not a mere fender bender, but rather a serious accident.

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. However, relevant evidence may be excluded if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or

needlessly presenting cumulative evidence." Fed. R. Evid. 403.

In this case, the photographs depicting the damage to both vehicles were not attached to Defendants' motion. However, photographs that fairly and accurately depict the accident scene are relevant as they have a tendency to make a fact more or less probable than it would be without the evidence. Mainly, the photographs of the accident are relevant as they depict the severity of the impact and where the impact occurred. Additionally, the probative value of the photographs is not substantially outweighed by the danger of unfair prejudice. Therefore, so long as Plaintiffs are able to lay a proper foundation showing that the photographs fairly and accurately depict the scene, the photographs will be admissible. Accordingly, Defendants' fourteenth motion in limine is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and all *pro se* parties by certified mail, return receipt requested.

**DATED:** April 10, 2014

GINA M. GROH
UNITED STATES DISTRICT JUDGE