# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**STEVE ALLEN EHRLICH and**
**JACQUELINE EHRLICH,**

        Plaintiffs,

**v.**　　　　　　　　　　　　　　　　**CIVIL ACTION NO. 3:13-CV-23 (Lead Case)**
　　　　　　　　　　　　　　　　　　　**(JUDGE GROH)**

**CENTRAL TRANSPORT, LLC,**

        Defendant,

and

**PETER GARCIA, JR.,**

        Plaintiff,

**v.**　　　　　　　　　　　　　　　　**CIVIL ACTION NO. 3:13-CV-42**
　　　　　　　　　　　　　　　　　　　**(JUDGE GROH)**

**RONALD J. COFFEE and**
**CENTRAL TRANSPORT, LLC,**

        Defendants,

and

**WILLIAM S. ALLEN,**

        Plaintiff,

**v.**　　　　　　　　　　　　　　　　**CIVIL ACTION NO. 3:13-CV-43**
　　　　　　　　　　　　　　　　　　　**(JUDGE GROH)**

**RONALD J. COFFEE and**
**CENTRAL TRANSPORT, LLC,**

        Defendants.

**ORDER GRANTING PLAINTIFF ALLEN'S MOTIONS IN LIMINE**

On February 18, 2014, Plaintiff William S. Allen filed five motions in limine [Doc. 147].[1] On February 25, 2014, Defendants Ronald J. Coffee and Central Transport, LLC filed a response to Plaintiff's first motion. On March 4, 2014, Plaintiff filed his reply. Accordingly, Plaintiff's motions in limine are ripe for the Court's review.

1. **Plaintiff's Motion in Limine to Exclude Any Reference to Medical or Workers' Compensation Insurance or Leave Time Buyback Amounts**

Plaintiff contends that the collateral source rule precludes Defendants from introducing any evidence of or referencing medical or workers' compensation insurance or leave time buyback amounts. Defendants agree that the collateral source rule excludes any reference to medical or workers' compensation insurance payments. However, Defendants argue that Plaintiff can seek recovery for lost wages or lost leave or sick pay for the time period of work missed–not both. Therefore, Defendants contend that if Plaintiff makes a claim for lost leave or sick time, in lieu of a lost wages claim, then Defendants should be permitted to introduce evidence as to the value of the alleged leave time including whether it is subject to a "discount." Finally, Defendants argue that Plaintiff has waived the collateral source rule if Plaintiff pursues a claim for recovery of lost leave or sick time at trial.

Because this Court has jurisdiction pursuant to diversity and the collateral source rule is a rule of substantive law, the Court must look to West Virginia law to determine how to apply the rule to the present facts. See Sims v. Great Am. Life Ins. Co., 469

---

[1] The Court notes that Document 147 is titled "Plaintiff Peter Garcia, Jr.'s Motions in Limine." However, the caption and the text of the motion refer to Plaintiff William S. Allen. Therefore, the title of the document appears to be a typographical error.

F.3d 870, 880 (10th Cir. 2006); Fountainhead Title Group Corp. v. Courthouse Search of N. Va., 122 F. App'x 10, *13 (Jan. 27, 2005) (affirming Maryland district court's application of the Maryland collateral source rule); Calef v. Fedex Ground Package Sys., Inc., Civil Action No. 1:06-CV-47, 2007 WL 2570185, *1 (Aug. 31 2007).

The West Virginia Supreme Court of Appeals has clearly stated that "the amount of money that an injured plaintiff receives from a collateral source is not admissible." Pack v. Van Meter, 354 S.E.2d 581, 584 (W. Va. 1986). The collateral source rule applies to workers' compensation benefits. Syl. Pt. 3, Jones v. Laird Found., Inc., 195 S.E.2d 821 (W. Va. 1973). Also, the collateral source rule precludes the admissibility of payments received in accordance with a party's health insurance plans. See Jones, 195 S.E.2d at 824 (stating that the collateral source rule applies to payments received in connection with health or accident insurance).

Applying West Virginia law, the collateral source rule also prohibits the admissibility of a party's "sick leave policy or similar plan while away from work." Ellard v. Harvey, 231 S.E.2d 339, 343 (W. Va 1976). Defendants argue that Ellard requires Plaintiff to choose between recovering for lost wages or recovering lost leave or sick pay for the time period of work missed. However, the West Virginia Supreme Court of Appeals stated in Ellard that it was "appropriate to apply the [collateral source] rule and to permit the appellant to recover lost wages *without regard to the prior receipt of sick pay*." Id. at 344 (emphasis added). Indeed, West Virginia law makes clear that the collateral source rule "is premised on the theory that it is better for injured plaintiffs to receive the benefit of collateral sources in addition to actual damages than for defendants to be able to limit their liability for damages merely by the fortuitous

3

presence of these sources." Ilosky v. Michelin Tire Corp., 307 S.E.2d 603, 615 (W. Va. 1983).  Therefore, West Virginia's policy has a preference for excluding payments from other sources, including sick leave policy, even if Plaintiff is seeking recovery for lost wages in addition to lost leave or sick pay.

In this case, Plaintiff seeks to exclude evidence of the following collateral sources: workers' compensation benefits, health insurance payments, and sick leave. The Court finds that the West Virginia Supreme Court of Appeals has held that the three aforementioned collateral sources are inadmissible at trial.   Accordingly, the Court **GRANTS** Plaintiff's first motion in limine.

    **2.**    **Plaintiff's Unopposed Motion to Prevent Defendants from Contesting Liability**

Plaintiff requests that the Court prevent Defendants from contesting liability in this case pursuant to the parties' agreed stipulation to liability entered in this case. Defendants do not oppose the motion, and they have not indicated that they would present evidence or arguments inconsistent with the stipulation regarding liability.

Parties primarily enter into stipulations "to dispense with proof over matters not in issue, thereby promoting judicial economy at the convenience of the parties."  United States v. Lentz, 419 F. Supp. 2d 843, 844 (E.D. Va. 2006) (quoting United States v. Montgomery, 620 F.2d 753, 757 (10th Cir. 1980)).  Courts routinely "enforce stipulations . . . , absent circumstances tending to negate a finding of informed and voluntary assent of a party to the agreement." Id. at 845.

In this case, the parties entered into an agreed stipulation on December 19, 2013, wherein Defendants "agreed to admit liability for the happening of the accident

only while contesting all remaining damages and other issues." The parties have not asserted a lack of informed or voluntary assent to the agreement. Therefore, the Court **GRANTS** Plaintiff's second motion in limine.

   3.  **Plaintiff's Unopposed Motion in Limine to Preclude Defendants from Asking Jury to Deduct Alleged Tax Obligations From Award of Future Lost Wages**

Plaintiff seeks compensation for future lost overtime hours that he will not be able to work due to his injuries as a result of the collision at issue in this case. Plaintiff argues that under West Virginia law, the jury may not deduct from any award taxes or other items that it believes would have been withheld from Plaintiff's paychecks. Defendants did not file a response to this motion.

Under the substantive law of West Virginia,

> in calculating a plaintiff's damages for accrued loss of earnings or for impairment of future earning capacity because of personal injuries, the award of damages should be based upon the plaintiff's gross earnings or earning capacity and should not be reduced because of any income tax or other paycheck-type deduction.

Hicks ex rel. Saus v. Jones, 617 S.E.2d 457, 465 (W. Va. 2005). Further, this method for calculating loss of earnings or for impairment of future earning capacity should be used by the "the parties for purposes of settlement, and . . . the finder of fact during a trial." Id., Syl. Pt. 4.

Therefore, applying West Virginia substantive law, the Court finds it is proper to exclude all references to tax or other paycheck-type deductions with respect to any award for future damages. Accordingly, the Court **GRANTS** Plaintiff's third motion in limine.

5

### 4. Plaintiff's Unopposed Motion for Judicial Notice of Standard Mortality Table

Plaintiff moves this Court to take judicial notice of the standard mortality table, such as that found on the Social Security Administration's Website available at http://www.ssa.gov/OACT/STATS/table4c6.html.  Defendants did not file a response to this motion.

Pursuant to Federal Rule of Evidence 201, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  The court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

In this case, Plaintiff requests that this Court take judicial notice of the Social Security Administration's standard mortality table.  The court will take judicial notice of a standard life expectancy table, taken from an official governmental agency, because its accuracy can be readily determined from sources that cannot reasonably be questioned.  Accordingly, the Court **GRANTS** Plaintiff's Motion for Judicial Notice of the Standard Mortality Table provided by the Social Security Administration.

### 5. Plaintiff's Unopposed Motion Concerning Pre-Judgment Interest

Plaintiff moves that this Court, not the jury, calculate pre-judgment interest for special damages such as medical bills and other out-of-pocket losses as described in West Virginia Code § 56-6-31.  Defendants have not filed a response.

West Virginia law provides for an award of prejudgment interest for "special or

liquidated damages" from the date of their accrual.  See W. Va. Code § 56-6-31(a).  Special damages include "lost wages and income, medical expenses, damages to tangible personal property and similar out-of-pocket expenditures."  Id.  Additionally, the West Virginia Supreme Court of Appeals has held that "prejudgment interest on special or liquidated damages is recoverable as a matter of law and must be calculated and added to those damages by the trial court rather than by the jury."  Syl. Pt. 1, Grove By and Through Grove v. Myers, 382 S.E.2d 536 (W. Va. 1989); see also Charleston Area Med. Ctr., Inc. v. Parke-Davis, No. Civ. A. 5:00CV132, 2001 WL 34852737, *6-7 (N.D.W. Va. Dec. 13, 2001) (court applying prejudgment interest rather than the jury).

Therefore, this Court–not the jury–must calculate an award of prejudgment interest for the award of any special damages.  Accordingly, the Court **GRANTS** Plaintiff's fifth motion.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and all *pro se* parties by certified mail, return receipt requested.

**DATED:** April 10, 2014

_____
GINA M. GROH
UNITED STATES DISTRICT JUDGE