**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA AT MARTINSBURG**

| | | |
|---|---|---|
| **STEVE EHRLICH,** | | |
| **PETER GARCIA, JR.,** | | |
| **WILLIAM S. ALLEN**, | | |
| | *Plaintiffs*, | JURY TRIAL DEMANDED |
| v. | | Civil Action Nos.: |
| | | 3:13-CV-23 (Ehrlich) |
| **RONALD J. COFFEE**, et al., | | 3:13-CV-42 (Garcia) |
| | | 3:13-CV-43 (Allen) |
| | | Consolidated into 3:13-CV-23 |
| | *Defendants*. | Judge Groh |

<u>**PLAINTIFFS' MOTION TO SEVER CASES FOR TRIAL**</u>

Plaintiffs Steve Ehrlich, Peter Garcia, Jr. and William S. Allen ("Plaintiffs") hereby ask this Honorable Court to sever the cases consolidated by the Court and to set each of the three cases for a separate trial.

**I.    Factual Background**

These three cases arise from an automobile accident that took place near Harpers Ferry, West Virginia on March 21, 2011 when a tractor trailer operated by the Defendants slammed into the vehicle driven by Plaintiff Ehrlich and in which Plaintiffs Garcia and Allen were passengers. The Defendants have admitted liability for the accident.  Accordingly, discovery and trial preparation has focused on the damages aspects of the case.

The accident damaged the three Plaintiffs in three very different ways.  Among other injuries, Mr. Ehrlich has suffered permanent tinnitus, dizziness, post concussion symptoms, and diminished earning capacity; Mr. Garcia has suffered permanent neck and upper back injuries

with continuing symptoms resulting in lost future wages; and Mr. Allen has undergone counseling to deal with the hypervigilance that he has felt when stopped at traffic lights.

These different injuries naturally involve different types of medical treatment.  Among other types of treatment, Mr. Ehrlich has seen an otolaryngologist and a neurologist and had vestibular rehabilitation for dizziness, Mr. Garcia has seen an orthopedic surgeon and has been in physical therapy since the accident, and Mr. Allen has seen a counselor.  Mr. Ehrlich and Mr. Garcia have each listed different physicians to serve as expert witnesses in this case.  Each of these witnesses have different schedules and different professional obligations that may militate against their availability for a single trial.

Recognizing the differences in the injuries, the Defendants, also, have examined the Plaintiffs differently.  They hired an otolaryngologist to evaluate Mr. Ehrlich and an orthopedic surgeon to evaluate Mr. Garcia.  They did not evaluate Mr. Allen at all.

Corresponding to the difference in their injuries, the three Plaintiffs' claims for damages also are different.  Mr. Ehrlich's claims focus on the many restrictions and difficulties that he will face because of his permanent tinnitus and dizziness as well as past medical costs, lost wages, and diminished future earning capacity.   Mr. Garcia's claims consist of the future overtime that he will lose because, following the accident, he is no longer able to instruct firearms training, as well as past and future medical costs and lost wages.  Mr. Allen's claims primarily concern the past medical bills and pain and suffering that he has had to endure as well as possible future problems related to hypervigilance.

In addition to having different expert witnesses, the factual testimony elicited by the parties will be different.  While some of the fact witnesses will be the same in each case, some will be different (for example Mrs. Ehrlich in Mr. Ehrlich's case and Mrs. Garcia in Mr. Garcia's case) and, more importantly, the witnesses – even if they are the same for each case – will testify about different things in different cases.  Mr. Ehrlich's supervisors will testify about his work and limitations, Mr. Garcia's supervisors will testify about his work and limitations, and Mr. Allen will talk about how his injuries affected his life.  Each Plaintiff is different.  They have different work responsibilities, different work histories, and different future damages.

The documents introduced into evidence also will be different in each case.  The Plaintiffs were seen by different physicians, for different reasons at different times.  Mr. Ehrlich will produce medical records related to his care, while Mr. Garcia will produce different medical records related to his care, while Mr. Allen will produce still different medical records related to his care.

On May 10, 2013, the parties agreed to (and the Court ordered) consolidation for discovery purposes only.  Doc. no. 23. 3:13cv23.  The parties expressly reserved their objections to further consolidation.  *Id.*  No party moved for further consolidation, but, on February 19, 2014, the Court, *sua sponte*, ordered consolidation for all aspects of the case.  Doc. no. 149.

The parties' attempted mediation on February 21, 2014 was not successful and the parties are now in the process of preparing for trial.

## II.     Argument

### A.     The cases are too factually distinct to be consolidated.

In its *sua sponte* order, the Court cited the following language governing consolidation from *Arnold v. E. Air Lines, Inc*., 681 F.2d 186 (4th Cir. 1982):

> "whether the specific risks of prejudice and possible confusion were overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives."

*Id.* at 193.  As the Fourth Circuit's holding implies, a recognized prerequisite for consolidation is the existence of common questions of law and fact.  *Magnavox Co. v. APF Electronics, Inc.*, 496 F. Supp. 29, 32 (N.D. Ill. 1980) ("The existence of common questions of law and fact is a prerequisite for any consolidation"); *Cont'l Bank & Trust Co. v. Ols. E. D. Platzer*, 304 F. Supp. 228, 229 (S.D. Tex. 1969) ("While it is required that a common question of law or fact be present as a prerequisite to consolidation, the mere presence of a common question does not require consolidation").

There had been no substantive motions or evidentiary filings with the Court at the time of the Court's *sua sponte* Order.  The Plaintiffs respectfully suggest that consolidation is not warranted because there are vast factual differences in the three cases.  In light of the Defendants' stipulation to liability, there remains no commonality in the three cases.  The cases now focus on the Plaintiffs' damages and, as outlined above, those damages – and the witnesses and exhibits needed to prove those damages – are vastly different.  Damages testimony will involve different witnesses, different exhibits, different facts and different recoveries.

There simply is no commonality of fact remaining to be tried.  Therefore, without this prerequisite, the Plaintiffs respectfully state that consolidation is not proper.  *See, e.g., Johnson v. Advanced Bionics, LLC*, 2011 WL 1323883 (W.D. Tenn. Apr. 4, 2011) (denying consolidation for trial of case previously consolidated for discovery because of differences in damages combined with other differences and, after stating that a difference in damages alone might not be enough to sever cases, stating "given the differences, potentially great, between [the parties']

damages, there is a risk that a jury would be unduly influenced by the facts of one case and respond in both cases accordingly").

### B.       Consolidation would prejudice the Plaintiffs.

The other recognized prerequisite for consolidation is lack of prejudice.  "Consolidation is improper if it would prejudice the rights of the parties."  *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983) (citing *Dupont v. Southern Pacific Co.*, 366 F.2d 193, 195–96 (5th Cir.1966), cert. denied, 386 U.S. 958, 87 S.Ct. 1027, 18 L.Ed.2d 106 (1967));   *Tucker v. Arthur Andersen & Co.*, 73 F.R.D. 316, 317 (S.D.N.Y. 1976) ("Where confusion and prejudice will result, it is inappropriate for a court to order consolidation").

The factual differences cited above explain why consolidation prejudices the Plaintiffs. The same jury will learn that Mr. Allen's medical injuries were possibly not as severe as the other Plaintiffs' injuries, and the jury may inappropriately diminish the other Plaintiffs' recovery based on Mr. Allen's condition.  Mr. Allen's good fortune should not be allowed to diminish the effects of the Defendants' negligence upon the other Plaintiffs.  *Johnson v. Advanced Bionics*, *LLC*, *supra*;  *Gilliam v. Fid. Mgmt. & Research Co.*, 2005 WL 1288105 (D. Mass. May 3, 2005) (stating in a securities action that "[t]he likely confusion at trial regarding what evidence applies to which case as well as the calculations of damages spanning different time periods counsels against consolidation").

The jury may also compare the Plaintiffs' witnesses in a manner that unfairly prejudices the Plaintiffs.  As of this date, the parties do not know the order in which the Court will expect the parties to present evidence.  For example, the parties do not know whether all Plaintiffs will question a particular witness, followed by questioning by the Defendants, or whether one

Plaintiff will question a particular witness, followed by questioning by the Defendants, followed by questioning by another Plaintiff, followed by questioning again by the Defendant, etc. This uncertainty forces the parties to miss work and incur legal costs for an extended period of time while the other parties present their cases. Moreover, this uncertainty prevents the parties from providing dates certain for their experts' appearance. The parties may present some of their experts' and other witnesses' testimony by videotape. However, the parties expect to call other witnesses in person, and those witnesses will have to travel from as far away as Florida. Without knowing the order of presentation, the parties cannot confirm specific dates for their experts' testimony. This means either additional expense for the parties (by virtue of having to pay the expert to make himself available for multiple days) or the risk that the expert will be unavailable on the proper date. Under these circumstances, a unified trial would present prejudicial scheduling problems. *Schacht v. Javits*, 53 F.R.D. 321, 324 (S.D.N.Y. 1971) (denying consolidation and stating "[w]hile there may be questions of law common to both actions, this does not justify consolidation, particularly where, as here, parties would be prejudiced by the confusion arising from an unclear complaint and from the circumstance that the cases are in different phases of pre-trial procedures. Certainly each defendant's alleged contribution to plaintiff's damages involves a separate set of facts").

Additionally, the Defendants have indicated that there is a maximum of $1,000,000 in insurance proceeds available for any recovery in this case. Although Plaintiffs' counsel will not attempt to disparage the claim of any other Plaintiff, by forcing all Plaintiffs to try their cases together, the Court encourages the Plaintiffs to compete with each other for the same limited fund of recovery. This is a tactical advantage that the Defendants, who have admitted liability, do not deserve.

### III.      Conclusion

The parties have established in discovery that vastly different damages facts lie at the heart of these three separate cases.  Under the circumstances, therefore, and for the reasons stated above, the Plaintiffs ask the Court to schedule the cases for separate trials.  *Pinehurst Airlines, Inc. v. Resort Air Servs., Inc.*, 476 F. Supp. 543, 560, n. 31 (M.D.N.C. 1979) (initially granting consolidation but reserving right to sever "should the defendant's contentions of prejudice and confusion later appear more persuasive than they do at the present time. If they do, the Court will not hesitate to order the cases severed").[1]

Plaintiff,
By Counsel

**/s/ Wm. Richard McCune, Jr.**
Wm. Richard McCune, Jr., Esq.  (WV Bar #2429)
Alex A. Tsiatsos, Esq.  (WV Bar #10543)
*Wm. Richard McCune, Jr., P.L.L.C.*
115 West King Street
Martinsburg, WV 25401
Telephone: (304) 262-2500
Fax: (304) 262-1901
lawoffice@wrmccune.com

**/s/ Edward L. Norwind**
Edward L. Norwind, Esquire (Special Admission)
Demosthenes Komis, Esquire (Special Admission)
Zachary King, Esquire (Special Admission)
Karp, Frosh, Wigodsky & Norwind, P.A.
2273 Research Blvd., Suite 200
Rockville, Maryland  20850
301-948-3800 (p)      301-948-5449 (f)
lnorwind@karpfrosh.com
dkomis@karpfrosh.com
zking@karpfrosh.com

---

[1]  Because the facts giving rise to this motion were not before the Court at the time of its earlier order, this motion satisfies the applicable standard for revision of interlocutory orders.  *Nationwide Mut. Fire Ins. Co. v. Faircloth,* 2013 WL 4401391, *3 (Groh, J.) (N.D.W. Va. Aug. 14, 2013).

**/s/ D. Michael Burke**
D. Michael Burke, Esquire
P.O. Box 1938
Martinsburg, WV  25402
304-263-0900 (p)        304-267-0469 (f)
dmburke@burkeandschultz.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA AT MARTINSBURG

**PETER GARCIA, JR.**, *et al.*,

       *Plaintiffs*,      JURY TRIAL DEMANDED

v.                Civil Action Nos.:
                3:13-CV-23 (Ehrlich)
**RONALD J. COFFEE**, *et al.*,     3:13-CV-42 (Garcia)
                3:13-CV-43 (Allen)

       *Defendants*.      Judge Groh

## <u>CERTIFICATE OF SERVICE</u>

   I, undersigned counsel of the law firm of Wm. Richard McCune, Jr., PLLC, attorneys for Plaintiff in this matter, hereby certify that I served a true and correct copy of the foregoing ***Plaintiffs' Motion to Sever Cases for Trial*** by filing the same through the CM/ECF system, which provided service upon the following parties, on this 9th day of September, 2014:

Timothy Smith, Esq.
Pion, Johnston, Nerone, Girman, Clements & Smith, P.C.
1500 One Gateway Center
Pittsburgh, PA 15222-5402

Edward L. Norwind, Esq.
Karp, Frosh, Wigodsky & Norwind, P.A
2273 Research Boulevard, Suite 200
Rockville, MD 20850

***<u>s/ Wm. Richard McCune, Jr.</u>***
Wm. Richard McCune, Jr., Esq. (#2429)
Alex A. Tsiatsos, Esq. (#10543)