# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

STEVE EHRLICH,
PETER GARCIA, JR.,
WILLIAM S. ALLEN,

        Plaintiffs,

v.                              CIVIL ACTION NOS.:
                                    3:13-CV-23 (Lead Case)
                                    3:13-CV-42
                                    3:13-CV-43
                                    (JUDGE GROH)

RONALD J. COFFEE, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO SEVER CASES FOR TRIAL

Currently pending before the Court is the Plaintiffs' Motion to Sever Cases for Trial filed on September 9, 2014, in this consolidated action as to the claims of Plaintiffs Steve Allen Ehrlich, Jacqueline Ehrlich, Peter Garcia, Jr., and William S. Allen. ECF 201. For the following reasons, the Plaintiffs' motion is **DENIED**.

### I. Background

**A. Undisputed Facts**

On March 21, 2011, Plaintiff Steve Ehrlich ("Mr. Ehrlich") was driving a federal government-owned vehicle on official government business in Harpers Ferry, West Virginia. Compl. ¶ 14; Defs.' Mot. Summ. J. ¶ 1. William S. Allen ("Allen"), and Peter Garcia, Jr. ("Garcia") were passengers in the vehicle. Mr. Ehrlich's vehicle came to a stop at a traffic

light at the intersection of 340 North and Shore Line Drive. Compl. ¶ 14; Defs.' Mot. Summ. J. ¶ 2-3. At about the same time, Defendant Ronald J. Coffee ("Coffee"), an employee of Defendant Central Transport, LLC ("Central Transport"), was operating a 2006 International Tractor with an attached trailer. Defs.' Mot. Summ. J. ¶ 4; Defs.' Ans., ¶ 7. Coffee was traveling in the eastbound lane of Route 340, directly behind Mr. Ehrlich's vehicle. Compl. ¶ 15; Defs.' Mot. Summ. J. ¶ 6. As Coffee approached the traffic light, he failed to stop and crashed into the rear of Mr. Ehrlich's vehicle. Compl. ¶ 15; Defs.' Mot. Summ. J. ¶ 7.

**B. Procedural History**

On March 1, 2013, Mr. Ehrlich and Jacqueline Ehrlich ("Mrs. Ehrlich") filed a Complaint in this Court, alleging damages stemming from the accident. On April 22, 2013, the Defendants filed a Notice of Removal in cases brought by Allen and Garcia, bringing those matters to this Court.

Subsequently, the parties proposed a stipulation to the effect that "Defendants have agreed to admit liability for the happening of the accident only while contesting all remaining damage and other issues, including, but not limited to the causation and nature and extent of Plaintiff's alleged injuries and economic damages." On December 19, 2013, the Court entered an order granting the agreed stipulation.

On April 23, 2013, the Defendants filed a motion to consolidate the three pending civil actions, Civil Action Number 3:13-CV-23, Civil Action Number 3:13-CV-42, and Civil Action Number 3:13-CV-43. On May 10, 2013, the Court granted that motion for discovery purposes only. On February 19, 2014, this Court *sua sponte* consolidated the civil actions for all other purposes, designating Civil Action Number 3:13-CV-23 as the lead case. On September 9, 2014, Plaintiffs Mr. Ehrlich, Mrs. Ehrlich, Allen, and Garcia filed a Motion to

2

Sever Cases for Trial. The remaining Defendants, Coffee and Central Transport, filed a response to the Plaintiffs' motion, and the Plaintiffs replied.

## II. Discussion

The Plaintiffs argue that the consolidation of these civil actions is improper, primarily for two reasons. First, they argue that their cases are too factually distinct to be consolidated. Second, they contend that consolidation would prejudice the individual Plaintiffs.

In ordering the three civil actions in this matter consolidated, the Court relied on Federal Rule of Civil Procedure 42(a), which provides that, "If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Under Rule 42, a court may order a separate trial of one or more separate issues or claims, for "convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Rule 21 states that a court may sever any claim against a party. Fed. R. Civ. P. 21.

The decision whether to consolidate is left to the sound discretion of the district judge. A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Corp., 559 F.2d 928, 933 (4th Cir. 1977) (stating that district courts have broad discretion under Rule 42(a) to consolidate causes pending in the same district); see also Good v. Am. Water Works Co., Civil Action No. 2:14-01374, 2014 WL 2481821, at *2 (S.D.W. Va. June 3, 2014) (stating that the Fourth Circuit affords broad discretion to district courts on matters of consolidation, "recognizing the superiority of the trial court in determining how best to structure similar pieces of litigation").

In ruling on the Motion to Sever, the Court carefully considers the risks of prejudice and possible confusion identified by the Plaintiffs. Arnold v. E. Air Lines, Inc., 681 F.2d

3

186, 193 (4th Cir. 1982), on reh'g, 712 F.2d 899 (4th Cir. 1983). In Arnold, the Fourth Circuit Court of Appeals stated that the "critical question" for a district court in analyzing a motion opposing consolidation is:

> whether the specific risks of prejudice and possible confusion were overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Id.

### A. Common Questions of Law or Fact

First, the Plaintiffs argue that their cases are too factually distinct to be consolidated. It is their contention that, once the Defendants stipulated to liability for the happening of the accident and left only damages at issue, there was no commonality in the three cases. As proof of the lack of commonality, the Plaintiffs argue that the evidence of each Plaintiff's damages will differ because each case will involve different witnesses, exhibits, and facts. Other examples highlighted by the Plaintiffs include the different medical treatment received by each Plaintiff, the different schedules and availability of certain witnesses, the Plaintiffs' different claims for damages, and that certain witnesses will testify differently depending upon which Plaintiff they are testifying about.

After careful review, the Court finds that the three civil actions should remain consolidated for trial. The agreed stipulation did not remove all common questions of law or fact from this matter. The Court was aware of the similarities and differences between the three cases when it consolidated them on February 19, 2014, and the agreed stipulation had already been entered for two months at that time.

While the Defendants have stipulated to liability for the happening of the accident, they reserve the ability to contest "all remaining damage and other issues, including, but not limited to the causation and nature and extent" of the Plaintiffs' alleged injuries and damages. At trial, it is foreseeable that disputes pertaining to the causation and nature of the Plaintiffs' alleged injuries and damages will involve questions of law or fact common to all cases, as each lawsuit involved the same accident. Even after the agreed stipulation, the dispute over damages is unlikely to occur in a vacuum. Further, it is likely that multiple witnesses and certain evidence will be common to each of the Plaintiffs.

Moreover, while they now seek to recover different amounts for different injuries, the Plaintiffs' claims arose out of the same transaction or occurrence. See Good, 2014 WL 2481821, at *2 (finding consolidation appropriate for claims arising from an alleged chemical storage tank leak where, even though the claims asserted were not identical, "the common trunk from which all branches of the alleged claims spring is the leak and the consequences flowing therefrom"). Thus, these cases involve sufficient common questions of law or fact to remain consolidated for trial.

**B. Prejudice to the Plaintiffs**

Second, the Plaintiffs argue that consolidating these cases would prejudice them. In support of this argument, the Plaintiffs reference the issues discussed above in the Plaintiffs' first argument. They also raise concerns that a jury could compare each Plaintiff's injuries and inappropriately limit a Plaintiff's recovery. The Plaintiffs further state that a consolidated trial would pose scheduling problems, thus inconveniencing the parties and their witnesses. Finally, they assert that consolidating the trial would incentivize them

to compete for the insurance proceeds available in this case.

As noted, the Court takes into account many considerations, including the risk of inconsistent adjudications; the burden on parties, witnesses, and available judicial resources; the length of time required to conclude multiple suits as against a single one; and the relative expense to all concerned. Arnold, 681 F.2d at 193. These factors can be weighed against the specific risks of prejudice and possible confusion identified by the party opposed to consolidation. Id. Here, the Court has carefully considered the potential risks that the Plaintiffs have identified, but finds that any risks of prejudice and possible confusion are minimal in light of the factors favoring consolidation. The Court will address each of the Plaintiffs' specifically identified concerns below.

   **1. Jury Prejudice**

First, the Plaintiffs identify concerns about jury prejudice, specifically that upon learning about Allen's injuries–which were less severe than the injuries suffered by the other Plaintiffs involved in the same car accident–a jury might inappropriately diminish the recoveries of Mr. Ehrlich and Garcia.

A jury is capable of receiving evidence as to each Plaintiff and making appropriate determinations based upon that evidence. As the Court stated in its order consolidating these cases, if ultimately necessary the consolidated cases will be tried together, but each individual suit will retain its separate character and separate judgments will be entered.

In their motion, the Plaintiffs cite multiple decisions from different circuit and district courts, the majority of which are not binding on this Court. In one such case, referenced in both of the Plaintiffs' arguments in the Motion to Sever, the United States District Court for the Western District of Tennessee ordered separate trials for two previously

consolidated cases after the defendant, Advanced Bionics, filed a motion for separate trials pursuant to Rule 42(b). Johnson v. Advanced Bionics, LLC, Civil Action No. 2:08-CV-02376-JPM, 2011 WL 1323883 (W.D. Tenn. Apr. 4. 2011). But the district court's decision to separate the cases in Johnson was based upon facts much different from those in this case.

In Johnson, Advanced Bionics argued that consolidation was inappropriate because the two cases involved two different cochlear implant devices. Id. at *4. The cause of the failure of one of these devices was still in dispute. Id. The court in Johnson also recognized that, if the two cases were tried together, the court would be forced to admit otherwise inadmissible evidence that it would exclude if the trials were held separately. Id. at *4-5. While the court in Johnson did state that the "potentially great" differences in damages between the two plaintiffs would pose a risk of the jury being "unduly influenced by the facts of one case," the court discussed the differences in damages "taken together with the other differences already noted." Id. at *6. In the same general discussion, the court stated, "If the alleged damages suffered . . . were the only differences between the two cases, the Court would not be inclined to order separate trials." Id.

Here, the risks of prejudice and possible confusion are not as substantial as those present in Johnson. The Plaintiffs' claims in all three lawsuits arose out of the same accident that occurred when Mr. Ehrlich, Garcia, and Allen were all passengers in the same car and the car was struck by the tractor-trailer driven by Coffee. These common facts weigh in favor of consolidation. That the Plaintiffs' individual claims for damages differ does not destroy this commonality.

Although each Plaintiff may seek a different recovery and offer different evidence

7

of his injuries, other factors, including judicial economy, favor consolidation.  See Kelley v. United States, 580 F. Supp. 2d 490, 494 (E.D. Va. 2008) (granting a motion to consolidate separate actions in the interest of judicial economy because claims by one plaintiff for personal injury and by another plaintiff for loss of consortium arose from the same set of facts–a plane crash).  The Plaintiffs' arguments do not raise sufficient concerns so as to make consolidation inappropriate in light of the countervailing considerations, including time, expense, and burdens on those involved.  See Arnold, 681 F.2d at 193.  Thus, the Court finds that the risks of prejudice and possible confusion posed by a trial jury hearing evidence as to the Plaintiffs' varying injuries and damages are overborne by the factors favoring consolidation.

**2. The Plaintiffs' Witnesses**

The Plaintiffs assert that a consolidated trial would pose prejudicial scheduling problems.  They suggest that certain witnesses' schedules and professional obligations may adversely affect witness availability if a single trial is held.   The Plaintiffs also argue that, without knowing the order of presentation of witnesses in a consolidated trial, the subsequent inability to confirm specific dates for experts' testimony would lead to additional expense for the parties or a risk of witness unavailability.

These potential risks do not require severing the consolidated actions.  Issues pertaining to certain witnesses' schedules and availability can be addressed at a pretrial conference and among counsel prior to trial.  The scheduling of three separate trials would pose a greater burden on judicial resources, on those witnesses who would appear at more than one trial, and on the Defendants.  Likewise, conducting three separate trials in which the parties and common questions of law or fact will overlap would require more time and

would be more costly than the single-trial alternative.

### 3. The Defendants' Insurance

Finally, the Plaintiffs argue that a consolidated trial would require each Plaintiff to compete with the other Plaintiffs over a limited fund because the Defendants have indicated there is a maximum of $1 million in insurance proceeds available for recovery in this case.

Here, these circumstances do not create risks that would outweigh the other considerations. The Court recognizes that the Fourth Circuit has found that a trial court committed reversible error when consolidation of claims prejudiced a defendant by causing revelations to the jury of the existence of the defendant's insurance coverage. Arnold v. E. Air Lines, Inc., 712 F.2d 899, 906-07 (4th Cir. 1983) (en banc). However, in this case the Court has granted a motion *in limine* excluding any reference at trial to insurance coverage. Accordingly, the existence of the Defendants' insurance coverage and any limits on that coverage will not be disclosed to the jury. Furthermore, the maximum insurance coverage available is not relevant to trial strategy or consolidation for trial.

In this case, when considering the risk of inconsistent adjudications; the burden on parties, witnesses, and available judicial resources; the length of time required to conclude multiple suits as against a single one; and the relative expense to all concerned–each factor weighs in favor of denying the Motion to Sever.

## III. Conclusion

For the foregoing reasons, the Court **DENIES** the Plaintiffs' Motion to Sever.

It is so **ORDERED**.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record.

9

**DATED**: October 9, 2014

                                        GINA M. GROH
                                        UNITED STATES DISTRICT JUDGE